

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00114-CR

ADRIAN THADDEUS WILSON                                 APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 0884780D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Adrian Thaddeus Wilson was convicted of aggravated robbery, and this court affirmed his conviction on November 4, 2004. *Wilson v. State*, 151 S.W.3d 694, 696 (Tex. App.—Fort Worth 2004, pet. ref'd). On February 22, 2011, Appellant filed a postconviction motion for forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (West Supp. 2014). On February 27,

---

[1]*See* Tex. R. App. P. 47.4.

2013, the trial court denied Appellant's motion "because no biological evidence exists to be tested." *See id.* art. 64.03(a)(1)(A)(i) (West Supp. 2014). Appellant filed a notice of appeal from the trial court's order on April 9, 2015.

On April 13, 2015, we notified Appellant that it appeared that we lacked jurisdiction over this appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a). We advised him that this appeal could be dismissed for want of jurisdiction unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before April 23, 2015. *See* Tex. R. App. P. 44.3. In addition to addressing the merits of his attempted appeal, Appellant claimed in his response that he did not receive notice of the trial court's February 2013 order until March 5, 2014, in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). An appeal from the denial of a motion for DNA testing is treated in the same manner as an appeal from any other criminal matter. Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). Rule 26.2(a) requires that a notice of appeal be filed within thirty days after the date the trial court enters an appealable order. Tex. R. App. P. 26.2(a). Appellant did not file his notice of appeal within thirty days of the trial court's February 27, 2013

2

order.  Appellant's assertion of lack of timely notice of the trial court's order does not affect the appellate timetable.  *See Davis v. State*, No. 02-14-00390-CR, 2014 WL 5409570, at *1 (Tex. App.—Fort Worth Oct. 23, 2014, pet. ref'd) (mem. op., not designated for publication); *Nevels v. State*, No. 10-08-00246-CR, 2008 WL 3509287, at *1 (Tex. App.—Waco Aug. 13, 2008, no pet.) (mem. op., not designated for publication).  Therefore, we have no jurisdiction over his appeal and dismiss the appeal for that reason.  *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 30, 2015